IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEANNETTE R. CHACE,

        Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No 3:16-cv-00239-AC

ORDER

HERNÁNDEZ, District Judge:

    Magistrate Judge Acosta issued a Findings and Recommendation [23] on July 11, 2017, in which he recommends that this Court affirm the Commissioner's decision to deny Supplemental Security Income and Disability Insurance Benefits to Plaintiff Jeannette Chace. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    Plaintiff filed timely objections to the Magistrate Judge's Findings and Recommendation ("F&R"). When any party objects to any portion of the Magistrate Judge's F&R, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. §

1 – ORDER

636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff raises the following objections to the F&R: (1) "[Judge Acosta] did not consider the record as a whole when recommending that the ALJ's serious errors were harmless," and (2) "Activities of Daily Living engaged in by [Plaintiff] do not discredit PA-C Pickering[']s opinion nor the credibility of [Plaintiff]."

Plaintiff contends that Judge Acosta erred by upholding the ALJ's decision to discount Physician Assistant Pickering's opinion based on one germane reason, while simultaneously rejecting the ALJ's other two reasons. Plaintiff's argument is unavailing.

The ALJ assigned "some weight" to Ms. Pickering's opinion, but found that her records did not support the alleged degree of limitation. Tr. 26. The ALJ discounted Ms. Pickering's opinion because it conflicted with Plaintiff's "relatively active lifestyle." *Id.* The ALJ also noted that Ms. Pickering is not an "acceptable medical source" under Social Security regulations and that the residual functional capacity ("RFC") addressed "many of these concerns." *Id.*

Judge Acosta agreed with Plaintiff that the ALJ's findings as to the RFC were "vague and not legally sufficient." F&R 9, ECF 23. He also agreed that the fact that Ms. Pickering is not an "acceptable medical source" is not a reason to discredit her opinion. *Id.* at 9-10. However, Judge Acosta found that the conflict between Ms. Pickering's opinion and Plaintiff's active lifestyle was a germane reason to reject Ms. Pickering's opinion that Plaintiff would miss four or more days of work per month. *Id.* at 10.

The Ninth Circuit has provided guidance regarding how a reviewing court should proceed after determining that some of an ALJ's reasons for discounting an opinion are invalid:

> The relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error . . . it is whether the ALJ's decision remains legally valid, despite such error.

*Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Even if some of the ALJ's reasons are legally insufficient, as long as the ALJ's remaining reason and ultimate determination are adequately supported by substantial evidence in the record, the ALJ's decision should be affirmed. *Id.*; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding ALJ's rejection of lay witness testimony because, even though two of the ALJ's reasons were not legally sufficient, the ALJ provided one germane reason); *Moles v. Berryhill*, No. 3:15-CV-02143-JE, 2017 WL 2225577, at *4 (D. Or. May 22, 2017) ("If substantial evidence supports the ALJ's determination, it must be upheld, even if some of the reasons cited by the ALJ are not correct."). Contrary to Plaintiff's assertion, it does not matter whether "the ALJ would necessarily reach the same result on remand." *Carmickle,* 533 F.3d at 1163 n.4. Judge Acosta conducted the proper inquiry and found that, notwithstanding the ALJ's citation of some invalid reasons, the ALJ's decision to discount Ms. Pickering's opinion was justified by a germane reason supported by substantial evidence.

Plaintiff also objects to the ALJ's reliance on Plaintiff's daily activities to discount Ms. Pickering's opinion and Plaintiff's credibility. According to Plaintiff, her ability to engage in her activities of daily living is not equivalent to an ability to work a full-time schedule. Plaintiff does not point to any specific daily activity that was erroneously analyzed. This Court independently reviewed evidence in the record of Plaintiff's daily activities and concludes that Judge Acosta correctly upheld the ALJ's decision. The Court also reviewed the pertinent portions of the record *de novo* and finds no other errors in the Magistrate Judge's F&R.

///

CONCLUSION

The Court adopts Magistrate Judge Acosta's F&R [23]. Accordingly, the Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATED this \_\_\_\_\_3\_\_\_\_\_ day of September, 2017.

_____
MARCO A. HERNANDEZ
United States District Judge

4 – ORDER